IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ERNESTO GONZALEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 4:21-cv-490-SDJ-KPJ |
| | § |
| TENANT TRACKER, INC., *et al.*, | § |
| | § |
| Defendants. | § |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On April 20, 2021, Plaintiff Ernesto Gonzalez ("Plaintiff") filed a Complaint (Dkt. 1) against Defendants Tenant Tracker, Inc. ("Tenant Tracker") and Hillcrest Davidson & Associates ("Hillcrest") in the Southern District of Florida. On May 19, 2021, Plaintiff voluntarily dismissed his complaint against Hillcrest (Dkt. 4), and dismissal of Hillcrest was ordered on May 21, 2021. *See* Dkt. 5. On June 17, 2021, Tenant Tracker filed a motion to dismiss for lack of personal jurisdiction. Dkt. 10. Thereafter, the parties jointly filed a Stipulation to Transfer Venue (Dkt. 11), which was granted. *See* Dkt. 12. On June 29, 2021, this case was transferred to the Eastern District of Texas. *See* Dkt. 13. On July 16, 2021, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 14. As set forth below, the Court finds this case should be **DISMISSED** without prejudice for want of prosecution.

As of April 8, 2022, neither party had entered an appearance before the Court. On that date, the Court ordered Plaintiff to file a status report advising the Court of his intent to proceed in this action no later than April 15, 2022 (the "Order"). *See* Dkt. 16. Plaintiff was advised: "If Plaintiff fails to file a status report or otherwise act, the Court will recommend that this case be dismissed

1

without prejudice. If dismissal is satisfactory to Plaintiff, no further action is necessary." *Id.* Since the Order was issued, Plaintiff has failed to file a status report or otherwise act.

It is, therefore, recommended that Plaintiff's case be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE